UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MICHAEL W. FIELDS                    CIVIL ACTION NUMBER : 5:06CV1496

VERSUS                               JUDGE HICKS

LIBBEY GLASS, INC.                   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court are two motions *in limine* to preclude the Plaintiff from offering or eliciting testimony or other evidence at trial relating to the "expert testimony and opinions" of Mary Oppenheimer, including her supplement expert report. [Doc. Nos. 41 & 51]. Plaintiff's only remaining claims for trial are that he was denied promotion to the position of Production Shift Manager on February 16, 2005 and March 1, 2005 based on his race. Jim McDonald was the decision maker for both promotions. Ms. Oppenheimer opines that the Defendant's selection, posting, and interview process are not consistent with good human resource practices. For the reasons which follow, the defendant's motions to exclude her opinions are **GRANTED**.

While the Court is far from convinced that Ms. Oppenheimer would qualify as an expert in human resource practices, it need not even reach that issue because the Court finds that her opinions are wholly irrelevant to the issues at trial. According to her "Expert Report" [Doc. No. 44, Ex. A-HR], her opinions concern whether the Defendant "met or violated" "Human Resource industry standards." However, the issue for the finder of fact is whether the Defendant failed to select the Plaintiff **based on his race.** The wisdom of Defendant's human resource practices is wholly irrelevant to whether Jim McDonald's decisions were racially motivated.

The Court finds that the only portion of Ms. Oppenheimer's testimony which would be even *arguably* relevant would be her testimony concerning implicit bias. Ms. Oppenheimer derived her opinion that the Defendant's promotion decisions "likely displayed implicit bias" by reading literature from the Society for Human Resource Management, reading results from an "Implicity Association Test" and reading an article published in HR News. The Court finds that Ms. Oppenheimer's "expert" conclusion that the Defendant exercised implicit bias, which is based on her reading literature that states that such bias "can affect" employment decisions, does not meet the fundamental standards of reliability under Fed. R. Evid. 702 and <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 589 (1993).[1] Accordingly, the Court finds that her testimony is inadmissible at trial.

Therefore:

**IT IS ORDERED** that Defendant's motions *in limine* [Doc. Nos. 41 & 51] to preclude the Plaintiff from offering or eliciting testimony or other evidence at trial relating to the "expert testimony and opinions" of Mary Oppenheimer, including her supplement expert report, are hereby **GRANTED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 16th day of January, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Since the Court finds that Ms. Oppenheimer's testimony is inadmissible under Rule 702, it need not decide whether her supplemental report was tendered timely.